IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:07–1110–HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Esther Elizabeth Reed, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Esther Elizabeth Reed's motion to dismiss the superseding indictment or, in the alternative, to transfer venue. For the reasons set forth herein, the Defendant's motion is denied.

On April 8, 2008, the grand jury returned a five-count superseding indictment against the Defendant. Generally, the indictment charges that between March 20, 2001, and February 2, 2008, the Defendant engaged in fraudulent conduct and identity theft that was accomplished through the use of the United States Postal Service, or that otherwise affected interstate commerce. The indictment further charges that at least some of the Defendant's criminal conduct occurred within or was directed into the state of South Carolina. Defense counsel has moved to dismiss the indictment, or alternatively, to transfer venue away from the Greenville Division of the District of South Carolina to either the Columbia Division of this District or to the Atlanta Division of the Northern District of Georgia.

Criminal defendants in the federal system have a constitutional right to be tried in the state and judicial district in which they are alleged to have engaged in criminal conduct. U.S. Const. art. III, § 2, amend. VI. In this case, the indictment affirmatively places jurisdiction in the District of South Carolina. The Defendant is alleged to have perpetrated crimes through use of

the mails or other channels of interstate commerce in a manner that spanned several states and multiple federal judicial districts, including South Carolina. The Defendant may be prosecuted for these continuing offenses "in any district from, through, or into which such commerce [or] mail matter . . . move[d]." 18 U.S.C. § 3237(a). Venue is generally proper in South Carolina, and it shall remain here. To the extent that the Defendant has requested an interdistrict transfer to the Northern District of Georgia, that request is denied.

Although "the government must prosecute an offense in a district where the offense was committed," Fed. R. Crim. P. 18, criminal defendants do not have a right to be tried within any particular division of a judicial district. See, e.g., United States v. Lipscomb, 299 F.3d 303, 339–40 (5th Cir. 2002). "The court [need only] set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18.

Aspects generally considered on a motion for an intradistrict transfer include the relative contacts of the original and proposed divisions with the criminal activity alleged, the convenience of the parties and the witnesses, pretrial publicity, security issues, and the interests of judicial economy and efficiency. See, e.g., Lipscomb, 299 F.3d at 340–41; United States v. Gonzalez, 163 F.3d 255, 260 (5th Cir. 1998); United States v. Harris, 25 F.3d 1275, 1278 (5th Cir. 1994); United States v. Davis, 785 F.2d 610, 616 (8th Cir. 1986). Of these, the Defendant's argument relies principally on two: (1) the nature of the contacts with the Greenville and Columbia Divisions; and (2) pretrial publicity.

Defense counsel argues that there is an insufficient nexus between the conduct alleged and this venue to support a criminal prosecution against the Defendant in the Greenville

Division. "The only link to the Greenville Division . . . is the fact that 'BH,'" one of the individuals whose identity is at issue in this case, "resided in the Traveler's [sic] Rest community just outside of Greenville until her disappearance in 1999." (Def.'s Mot. Dismiss 4.) However, the indictment alleges that the Defendant applied to the South Carolina Department of Vital Statistics for a duplicate copy of a birth certificate for "BH," and that such Department is located within the Columbia Division. The implication is that Columbia has a stronger nexus with the criminal activity alleged, and therefore is a more appropriate venue for this prosecution.

The question for the court, however, is not whether venue in Columbia is more appropriate; it is whether venue in Greenville is inappropriate. The only reason cited by defense counsel for the impropriety of a Greenville venue is the fact that more substantial criminal conduct occurred in Columbia. That conclusion is debatable. The indictment charges that the Defendant assumed the identity of an individual who resided within the Greenville Division, and that she obtained a copy of that individual's birth certificate from a government office in Columbia. On balance, the criminal conduct is equally significant and does not favor one venue over another.

The Defendant has also cited pretrial publicity as a reason compelling transfer. "As a first step, a trial court must address whether the publicity is so inherently prejudicial that trial proceedings must be presumed to be tainted." United States v. Bakker, 925 F.2d 728, 732 (4th Cir. 1991). The court has given this matter due consideration and finds that any publicity this prosecution and pending trial have received has not so prejudiced the jury venire that the proceedings must be presumed tainted. With this finding, "a trial court customarily should take the second step of conducting a voir dire of prospective jurors to determine if actual prejudice

exists. . . . Only where voir dire reveals that an impartial jury cannot be impanelled [sic] would a change of venue be justified." Bakker, 925 F.2d at 732 (internal citation omitted). The court will undertake this customary second step at jury selection. Based on the foregoing, the Defendant's motion to dismiss, or alternatively, to transfer venue, is denied.

It is therefore

**ORDERED** that the Defendant's motion to dismiss, or alternatively, to transfer venue, docket number 43, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 7, 2008